{¶ 39} Respectfully, I concur in judgment only, with a separate concurring opinion as to the first assignment of error relative to the legality of the search.
 {¶ 40} The police officer in this matter testified that his search of the automobile was justified as an inventory search prior to tow. Appellant has clearly shown that this was not a valid inventory search, citing to Cleveland Heights Codified Ordinances 303.8. This Ordinance sets Cleveland Heights' policy as to when a car may be lawfully impounded and towed. The Ordinance provides that a person arrested in Cleveland Heights must be given the opportunity to have his or her car removed from the streets before it can lawfully be impounded. The testimony at trial was uncontroverted that appellant's nephew was ready, willing and able to remove the car immediately from the scene. Moreover, the officer honestly testified that he had a "hunch" that there was something in the automobile that appellant did not want him to see, and that is why he would not release the car to appellant's nephew. There can be no clearer proof of a pretextual search.
 {¶ 41} The majority cites State v. Murrell (2002), 94 Ohio St.3d 489, which holds that when a police officer makes a lawful custodial arrest of the occupant of a vehicle, he can, as a contemporaneous incident of the arrest, search the passenger compartment of the vehicle.
 {¶ 42} I recognize that Murrell is case law from the Supreme Court of Ohio, and recent law, at that. But I share the concern that Judges Fain, Grady and Young so eloquently expressed in State v. Bozeman, Montgomery App. No. 19155, 2002-Ohio-2588:[1]
 {¶ 43} "Although we are bound to follow the holding of Murrell, we urge the Ohio Supreme Court to reconsider this decision. We find no reason to give police power to search every automobile simply because a driver is placed under lawful custodial arrest. Instead we agree with Judge Pfeifer's dissent:
 {¶ 44} "`This court's holding in State v. Brown (1992),63 Ohio St.3d 349, 588 N.E.2d 113 should control this case. The Brown
opinion is measured and wise, and allows for the search of the interior of an automobile incident to a driver's arrest when necessary. Under Brown,
police officers can search an automobile if there is probable cause to suspect that the vehicle contains contraband, if there is a suspicious item in plain view, or if an officer is searching for weapons within the immediate control of the suspect. These are reasonable exceptions to theFourth Amendment prohibition against [warrantless] searches. The holding today seems inclined to skirt the Fourth Amendment rather than work within it.'" Bozeman, supra, at ¶ s 46 47, quoting Murrell, supra, (Pfeifer, J., dissenting).
 {¶ 45} Reluctantly I follow the dictates of Murrell, and affirm this conviction.
[1] The facts in Bozeman are almost identical to the case at bar: a clearly invalid inventory search "trumped" by the holding in Murrell.